956 So.2d 1205 (2007)
Juan F. VEGA, Petitioner,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Respondent.
No. 1D06-2390.
District Court of Appeal of Florida, First District.
May 17, 2007.
Juan F. Vega, pro se, Petitioner.
Charlie Crist, Attorney General; Linda Horton Johnson, Assistant Attorney General; and Rosa Carson, General Counsel, Tallahassee, for Respondent.

ON MOTION TO ENFORCE MANDATE
PER CURIAM.
On January 9, 2007, this court rendered a per curiam opinion in Vega v. McDonough, *1206 946 So.2d 548 (Fla. 1st DCA 2007). Petitioner Vega had sought certiorari review of the trial court's order denying his petition for writ of mandamus, wherein he challenged a disciplinary report issued by the Department of Corrections based upon a violation of prison mailing rules, and of an order authorizing the Department to impose a lien against his trust account for the costs and fees of the action.
This court denied the relief sought with regard to the disciplinary report, but found "that the trial court departed from the essential requirements of the law by imposing a lien against Vega's account."
The record reflects that no motion for rehearing was filed in this case and the mandate issued on February 6, 2007. On remand, the trial court, sua sponte, found that the petitioner's mandamus petition was a "mixed-petition" pursuant to Schmidt v. McDonough, 951 So.2d 797 (Fla.2006).[1] Furthermore, the trial court ruled "the imposition and placement of a lien against plaintiff's inmate trust account for payment of the filing fees in this case is affirmed."
It is well settled that a "trial court is without authority to alter or evade the mandate of an appellate court absent permission to do so." Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp., 328 So.2d 825 (Fla.1975), citing Cone v. Cone, 68 So.2d 886 (Fla.1953). Appellate courts will not reconsider a previous ruling and recall the mandate unless it is necessary to correct a manifest injustice. Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965).
The trial court shall, without delay, enter an order refunding $280.00 to petitioner Vega's inmate trust account.
DAVIS, BENTON, and ROBERTS, JJ., concur.
NOTES
[1] The trial court in its order includes the following footnote in its entirety: "It is not clear to the undersigned from a review of the court's file and the First DCA's online docket whether or not the DOC raised the matter of the filing fee lien as it is presented and considered here with the district court following the issuance of Schmidt v. McDonough." In fact, the Department conceded that the lien should not have been imposed in its "Response to the Court's Order to Show Cause" of September 11, 2006. Furthermore, the Department neither presented Schmidt v. McDonough to this court nor filed for rehearing in this case.