PER CURIAM.
Following a mistrial, the State of Florida appeals an order prohibiting the retrial of Louis A. Mercado for capital sexual battery. The trial court barred a retrial based on the court’s finding that the State intentionally disregarded a court order to redact certain portions of a controlled telephone call between Mr. Mercado and law enforcement. The State argues that the trial court erred in dismissing the charge because the record fails to demonstrate any prosecutorial intent to goad Mr. Mercado into moving for a mistrial. We agree and reverse.
It would serve no useful purpose to recount the details of this proceeding. Suffice it to say that neither the prosecutor nor judge is likely to wish to repeat their actions during this trial.[1] Generally, when a trial court declares a mistrial on the defendant’s motion or with his consent, or upon a manifest necessity, double jeopardy does not bar a retrial. Turner v. State, 37 So.3d 212, 221 (Fla.2010); Fuente v. State, 549 So.2d 652, 657 (Fla.1989); Rutherford v. State, 545 So.2d 853, 855 (Fla.1989). A narrow exception exists *606 when the prosecution’s misconduct was intended to provoke the defendant into moving for a mistrial. Oregon v. Kennedy, 456 U.S. 667, 679, 102 S.Ct. 2088, 72 L.Ed.2d 416 (1982); Fuente, 549 So.2d at 658; Rutherford, 545 So.2d at 855. Further, prosecutorial conduct that might be viewed as harassment or overreaching sufficient to justify a mistrial, is insufficient to bar a retrial absent such an intent. Kennedy, 456 U.S. at 675-76, 102 S.Ct. 2083. “Only where the governmental conduct in question is intended to ‘goad’ the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.” Id. at 676; see also Gore v. State, 784 So.2d 418, 427 (Fla.2001); State v. Gaines, 770 So.2d 1221, 1228 (Fla.2000). Thus, absent improper governmental action intended to provoke the defendant’s mistrial request and subject the defendant to the substantial burden imposed by multiple prosecutions, the defendant waives his or her constitutional double jeopardy rights where the defendant moves for a mistrial, consents to one, or by his or her conduct causes one. Gaines, 770 So.2d at 1228; see Kennedy, 456 U.S. at 672, 102 S.Ct. 2083; United States v. Dinitz, 424 U.S. 600, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).
The sole issue we address here is whether the State’s conduct was intended to provoke Mr. Mercado into requesting a mistrial. We conclude that the trial court’s findings are not supported by the evidence. We reverse for a new trial.
REVERSED and REMANDED.
PALMER, ORFINGER and BERGER, JJ., concur.

. The attorneys involved in this appeal and Judge Leblanc did not participate in the trial.