[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11903

_____

LOUIS ANGEL MERCADO,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-01755-PGB-LHP

_____

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and BRASHER, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal from the denial of a petition for a writ of habeas corpus requires us to decide whether a state court reasonably concluded that a prisoner whose attorney failed to file an appellee's brief in response to the State's direct appeal of an order barring retrial is not entitled to a presumption of prejudice. *See United States v. Cronic*, 466 U.S. 648 (1984). A Florida trial court granted Louis Mercado a mistrial during his prosecution for sexual battery and ruled that the Double Jeopardy Clause barred a retrial. When the State appealed, Mercado's attorney—mistakenly believing that he had withdrawn from the representation—failed to file a response brief. The state appellate court reversed and remanded. The trial court then convicted Mercado and sentenced him to life in prison. In a state habeas petition, Mercado argued that he received ineffective assistance of counsel because his attorney failed to file an appellee's brief on his behalf. And he argued that he was not required to prove prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), because his "complete denial" of appellate counsel entitled him to a presumption of prejudice under *Cronic*. The state appellate court summarily denied Mercado's petition. Because the state court could reasonably have concluded that counsel's failure to file a response brief is not presumptively prejudicial under *Cronic*, we affirm.

## I. BACKGROUND

Florida charged Louis Mercado with three counts of capital sexual battery. *See* FLA. STAT. § 794.011(2)(a). The case proceeded to trial, and the trial court granted judgments of acquittal on two counts. As to the remaining count, the trial court ordered the State to redact portions of a recorded phone call between Mercado and police officers in which Mercado invoked his right to remain silent. During closing argument, the prosecutor played a version of the recording that, according to Mercado, did not fully comply with the redaction order. The trial court granted Mercado's motion for a mistrial based on the State's error.

Mercado moved to bar his retrial. He argued that retrying him would violate the Double Jeopardy Clause because the prosecutor had purposefully provoked a mistrial by revealing inadmissible evidence to the jury. *See Oregon v. Kennedy*, 456 U.S. 667, 676 (1982) (the clause bars retrial if the prosecutor intended to "goad" the defendant into seeking a mistrial). The trial court granted Mercado's motion.

The State appealed the order barring retrial to the Fifth District Court of Appeal. When Mercado's trial counsel, Zachary Stoumbos, notified Mercado of the appeal two months later, Mercado informed Stoumbos that he could not afford his representation on appeal. Stoumbos moved to withdraw as counsel and to have replacement counsel appointed from the public defender's office. But Stoumbos filed the withdrawal motion in the trial court, not the appellate court, *see* FLA. R. APP. P. 9.140(d)(1)(E) (to

withdraw from representation on appeal, defense counsel must move to withdraw "in the appellate court"); Stoumbos also failed to include the required affidavit of indigency, *see* FLA. R. CRIM. P. 3.111(b)(5)(c); and the trial court never ruled on the motion. So Stoumbos remained Mercado's counsel of record on appeal. *See State v. White*, 742 So. 2d 374, 375 (Fla. Dist. Ct. App. 1999). Because Stoumbos "failed to follow-up" on his withdrawal motion, he was unaware that the public defender's office was not appointed to represent Mercado on appeal and that he remained counsel of record.

The State, as appellant, filed its initial brief. It argued that the trial court erred when it barred a retrial because the record established no prosecutorial intent to goad Mercado into moving for a mistrial. The State served the public defender's office with the brief; the defender's office replied that it had not been appointed to represent Mercado; and the State emailed the brief to Stoumbos that same day. Stoumbos maintained that he never received the State's brief and that he remained unaware that he was Mercado's appellate counsel. So no one filed an appellee's brief for Mercado in response to the State's appeal.

The Florida appellate court reversed and remanded for a retrial. *State v. Mercado*, 121 So. 3d 604, 606 (Fla. Dist. Ct. App. 2013). The appellate court determined that the trial court's findings of prosecutorial intent to procure a mistrial were "not supported by the evidence." *Id.* at 605–06. Following the appellate court's ruling, Stoumbos—in his first appearance in the State's appeal—filed a motion for rehearing on the ground that Mercado had received

ineffective assistance of appellate counsel. Stoumbos explained that he had been unaware that he was Mercado's appellate counsel because he thought that he had withdrawn. As a result, Stoumbos argued, Mercado "f[ell] between the cracks" and "was never meaningfully represented by counsel" during the State's appeal. The State opposed rehearing because, although Stoumbos "was arguably deficient" by not filing an answer brief, Mercado could not prove "prejudice" under *Strickland* because the appellate court correctly reversed the trial court's order barring retrial. The appellate court summarily denied Mercado's motion for rehearing.

The public defender's office was then appointed to replace Stoumbos as Mercado's appellate counsel. The public defender moved to recall the mandate after the denial of rehearing. Like Stoumbos, the defender argued that Mercado "remained essentially unrepresented by counsel, much less meaningful counsel, in th[e] appellate proceeding." The appellate court summarily denied the motion to recall the mandate.

Mercado then filed a petition for a writ of habeas corpus in the Fifth District Court of Appeal. He argued that he received ineffective assistance of counsel during the State's appeal of the order barring retrial. And he argued that he was not required to prove prejudice under *Strickland* because his "complete denial of counsel" on appeal entitled him to a presumption of prejudice under *Cronic*. Mercado asked the appellate court to withdraw its decision ordering a retrial and grant him "a new appellate proceeding" in which he would be represented by effective counsel. The State replied

that Mercado was required to prove prejudice under *Strickland* but could not do so because no argument that Mercado's counsel could have made in a response brief would have resulted in affirmance. The appellate court summarily denied Mercado's petition.

On remand, Mercado was retried, convicted, and sentenced to life in prison. He appealed his conviction and sentence to the Fifth District Court of Appeal. The appellate court summarily affirmed and denied rehearing. The Supreme Court of the United States denied a petition for a writ of certiorari. *Mercado v. Florida*, 137 S. Ct. 343 (2016) (mem.).

Mercado filed a second counseled habeas petition in the Fifth District Court of Appeal, again on the ground that he received ineffective assistance of counsel during the appeal of the order barring retrial. Mercado maintained that, "[i]n effect and in fact," he had "no representation on appeal." The appellate court summarily denied the petition. Mercado repeated the same argument in a motion for postconviction relief filed in the trial court. *See* FLA. R. CRIM. P. 3.850. The trial court denied the claim of ineffective assistance of counsel based on res judicata, and the appellate court summarily affirmed.

Mercado filed *pro se* his federal petition. *See* 28 U.S.C. § 2254. In count four of his five claims for relief, he repeated his argument that counsel was ineffective on appeal of the order barring retrial by not filing an answer brief. He argued that counsel's performance was deficient under *Strickland*. And he argued that he was not required to prove prejudice under *Strickland* because his complete

"abandon[ment]" on appeal entitled him to a presumption of prejudice under *Cronic*.

The district court denied Mercado's petition. It ruled that the state court's decision was not contrary to or an unreasonable application of *Cronic* because the Supreme Court has never applied the "*Cronic* presumption of prejudice" to "the factual circumstances presented by this case—*i.e.*, counsel's failure to file an *answer* brief to the State's appeal." And the district court ruled that Mercado failed to prove that he was prejudiced under *Strickland*. The district court granted Mercado a limited certificate of appealability on "whether prejudice should be presumed when defense counsel fails to submit an appellate brief in opposition to the State's appeal."

We appointed Christopher Desrochers to represent Mercado at oral argument. He ably discharged his duty. We thank him for doing so.

## II. STANDARD OF REVIEW

We review *de novo* a denial of a habeas petition. *Guzman v. Sec'y, Dep't of Corr.*, 73 F.4th 1251, 1255 (11th Cir. 2023). But our review is subject to the "highly deferential standard" of the Antiterrorism and Effective Death Penalty Act of 1996. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation and internal quotation marks omitted); *see* 28 U.S.C. § 2254. The Act permits a district court to grant habeas relief on a claim that was adjudicated on the merits by a state court if its decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.

§ 2254(d)(1). The phrase "clearly established Federal law" refers to "the holdings," not "the dicta," of the Supreme Court's decisions. *Williams v. Taylor*, 529 U.S. 362, 412 (2000) (internal quotation marks omitted).

A state court unreasonably applies the Supreme Court's holdings when it "correctly identifies the governing legal principle" from the Supreme Court's decisions "but unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685, 694 (2002). That standard is exacting: the petitioner "must show far more than that the state court's decision was merely wrong or even clear error." *Sears v. Warden GDCP*, 73 F.4th 1269, 1279 (11th Cir. 2023) (citation and internal quotation marks omitted). The standard is "substantially higher": the decision must be "objectively unreasonable." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and internal quotation marks omitted). It is not objectively unreasonable "'for a state court to decline to apply a specific legal rule'" that the Supreme Court has not "'squarely established.'" *Everett v. Sec'y, Fla. Dep't of Corr.*, 779 F.3d 1212, 1239 (11th Cir. 2015) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

When, as here, the state court's decision "is unaccompanied by an explanation," the habeas petitioner must establish that there was "no reasonable basis" for the state court to deny relief. *Harrington v. Richter*, 562 U.S. 86, 98 (2011). If there is "*any* argument or theory" that "*could have* supported" the state court's decision, we will not disturb it. *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th 1025, 1038 (11th Cir. 2022) (en banc) (alterations adopted)

(emphasis added) (citation and internal quotation marks omitted). And when the petitioner asserts a claim of ineffective assistance of counsel, we apply a "doubly deferential" standard of review that affords "both the state court and the defense attorney the benefit of the doubt." *Woods v. Donald*, 575 U.S. 312, 316–17 (2015) (citation and internal quotation marks omitted). Only "a rare case" will overcome that deference. *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (citation and internal quotation marks omitted).

## III. DISCUSSION

Because the state court summarily denied Mercado's claim of ineffective assistance of counsel and the certificate of appealability limits our review, the only question before us is whether any reasonable judge could have concluded that a defendant is not presumptively prejudiced under *Cronic*—and must instead prove prejudice under *Strickland*—when his counsel fails to file an appellee's brief in response to the State's appeal. If the answer is yes, we must affirm the denial of Mercado's petition. Mercado argues that the state court unreasonably applied *Cronic* when it required him to prove prejudice under *Strickland*. Florida replies that the state court could not have unreasonably applied any clearly established federal law because the Supreme Court has never held that counsel's failure to file an answer brief is presumptively prejudicial. We agree with Florida.

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel during a first appeal as of right. *Evitts*

*v. Lucey*, 469 U.S. 387, 396 (1985); *see Gideon v. Wainwright*, 372 U.S. 335, 342 (1963) (the Fourteenth Amendment applies the right to effective assistance of counsel to the States). Ordinarily, a petitioner asserting ineffective assistance of counsel must satisfy *Strickland* by proving that his counsel's performance was both deficient and prejudicial. 466 U.S. at 687. For prejudice, the defendant must prove a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In *Cronic*, the Supreme Court "recognized a narrow exception" to the requirement of *Strickland* that a defendant asserting ineffective assistance of counsel must prove prejudice. *See Florida v. Nixon*, 543 U.S. 175, 190 (2004). When counsel's errors "are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified," courts instead apply a "presumption of prejudice." *Cronic*, 466 U.S. at 658, 660. The Supreme Court has explained that the presumption applies, for example, when there has been a "complete" absence of counsel during a critical stage of the litigation, *id.* at 659 & n.25; when counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing," *id.* at 659; when counsel "deprives [the] defendant of an appeal that he otherwise would have taken," *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019) (citation and internal quotation marks omitted); or when counsel has "an actual conflict of interest," *Strickland*, 466 U.S. at 692. These circumstances reflect the "pattern" of requiring proof of actual prejudice under *Strickland* "when the proceeding in question was presumptively reliable" and of presuming prejudice under

*Cronic* only when counsel's error "rendered the proceeding presumptively unreliable or entirely nonexistent." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

Only twice has the Supreme Court applied a presumption of prejudice, and never to counsel's failure to file an appellee's brief. The Supreme Court first applied the *Cronic* presumption in *Penson v. Ohio*, where the state appeals court had allowed counsel to withdraw after filing a conclusory statement that the appeal had no merit and that he would not file an appellant's brief. 488 U.S. 75, 78 (1988). The Supreme Court held that, by "decid[ing] the merits of [Penson's] appeal without appointing new counsel to represent him," the state appellate court violated Penson's right to counsel. *Id.* at 85. And the Supreme Court held that the error was presumptively prejudicial under *Cronic* because the denial of counsel had left Penson "completely without representation during the appellate court's actual decisional process." *Id.* at 88. The Court added that several federal appellate courts had "reached a like conclusion when faced with similar denials of appellate counsel" and cited, among other decisions, *United States ex rel. Thomas v. O'Leary*, 856 F.2d 1011 (7th Cir. 1988). *Penson*, 488 U.S. at 89 n.10. In *Thomas*, the Seventh Circuit held that *Cronic*'s presumption of prejudice applies to defense counsel's failure to file an appellee's brief in response to the State's appeal. 856 F.2d at 1016–17.

The Supreme Court next—and last—applied a presumption of prejudice to defense counsel's failure to file a notice of appeal despite the defendant's repeated requests that he do so. *Garza*, 139

S. Ct. at 747. A presumption of prejudice was warranted because counsel "forfeited an appellate proceeding" entirely. *Id.* And "there is no disciplined way to accord any presumption of reliability to judicial proceedings that never took place." *Id.* (alterations adopted) (citation and internal quotation marks omitted).

Neither *Penson* nor *Garza* clearly establishes Mercado's entitlement to habeas relief. *Penson*, for its part, is materially distinguishable. *Penson* is about the procedures that state courts must follow before permitting counsel to withdraw from an appeal without a replacement. Here, "it is undisputed that, at the time of the appeal, the [state] trial court had not granted trial counsel's request to withdraw from the case." And the Supreme Court has rejected a *Penson* challenge when counsel did not withdraw from the appeal. *See Smith v. Robbins*, 528 U.S. 259, 280 (2000). Because Mercado was formally represented by counsel throughout the appellate process, he was never left "entirely without the assistance of counsel on appeal." *See Penson*, 488 U.S. at 88. The abandonment by Penson's counsel was "complete[]" because he had withdrawn from the litigation. *Id.*

To be sure, the Supreme Court has "made clear" that the right to effective counsel requires more than "'mere formal appointment.'" *Evitts*, 469 U.S. at 395 (quoting *Avery v. Alabama*, 308 U.S. 444, 446 (1940)). But Mercado's counsel participated in the appellate process on his behalf after the appellate court issued its decision but before the trial court retried him: Stoumbos moved for rehearing, and a public defender moved to recall the mandate. The

Supreme Court repeatedly has "distinguished denial of counsel altogether on appeal, which warrants a presumption of prejudice, from mere ineffective assistance of counsel on appeal, which does not." *Smith*, 528 U.S. at 286 (citing *Penson*, 488 U.S. at 88–89). We cannot say that *no* reasonable judge could conclude that Stoumbos's negligence was the latter kind of misconduct.

Another critical distinction between *Penson* and Mercado's case is that Penson alleged ineffective assistance as an appellant, but Mercado alleges ineffective assistance as an appellee. Different burdens and responsibilities attend the different postures. In Florida, "the party challenging" an order on appeal "has the burden of demonstrating" reversible error. FLA. STAT. § 924.051(7); *see also Clark v. State*, 572 So. 2d 1387, 1391 (Fla. 1991) (Florida courts apply "a presumption of correctness" to the trial court's rulings in a criminal case). When, as in *Penson*, the criminal defendant appeals his conviction or sentence, *he* must prove reversible error. The defendant-appellant could not satisfy his burden without filing a brief. The same is not true for a defendant-appellee's failure to file a response brief. The State-appellant must prove reversible error regardless of whether the defendant-appellee files a response brief.

*Penson*'s citation of *Thomas* does not help Mercado. *Thomas*, to be sure, is on-point: the Seventh Circuit applied *Cronic* to counsel's failure to file an appellee's brief in response to the State's appeal. 856 F.2d at 1016–17. But because the Supreme Court did not face that circumstance in *Penson*, it did not *hold* that the same failure would result in a presumption of prejudice. And "dicta cannot

supply a ground for [habeas] relief." *Brown v. Davenport*, 142 S. Ct. 1510, 1525 (2022).

*Garza* too is inapt for two reasons. First, like *Penson*, *Garza* involved counsel's abandonment of the defendant as an appellant, not an appellee. *See* 139 S. Ct. at 746. The Court's reasoning illustrates why that difference is a difference in kind: by failing to file a notice of appeal on Garza's behalf, Garza's attorney "forfeited" an appeal altogether, and the Court could not assess the reliability of an appellate process that, because of counsel's error, never occurred. *Id.* at 747. Stoumbos's failure to file an appellee's brief in response to the State's appeal did not ensure defeat: the appeal went forward, and the appellate court issued a decision, the reliability of which the state habeas court could review. Second, it was dispositive in *Garza* that the defendant had *asked* his attorney to file a notice of appeal. *See id.* at 746. It is not deficient performance— let alone presumptively prejudicial—for counsel not to file a notice of appeal when the defendant never requested it. *See Flores-Ortega*, 528 U.S. at 478, 484. And Mercado never asked Stoumbos to file a response brief on his behalf. On the contrary, Mercado told Stoumbos that he could not afford his services on appeal.

The Supreme Court has never applied *Cronic* to counsel's failure to file an appellee's brief, and there are grounds that could reasonably have led the state court not to extend the doctrine to that circumstance. So the state court's decision was not an unreasonable application of clearly established Supreme Court precedent. *See White v. Woodall*, 572 U.S. 415, 426 (2014) ("[The Act]

provides a remedy for instances in which a state court unreasonably *applies* this Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error."); *cf. Woods*, 575 U.S. at 317 (reversing a "*Cronic*-based grant of habeas relief" because the Supreme Court has "never addressed whether the rule announced in *Cronic* applies to testimony regarding codefendants' actions").

Perhaps because of the lack of Supreme Court precedent on point, Mercado recruits our sister circuits. He contends that decisions from the Sixth and Seventh Circuits are the "most compelling" authorities in his favor. *See Thomas*, 856 F.2d at 1016–17; *Fields v. Bagley*, 275 F.3d 478, 485 (6th Cir. 2001) (applying *Cronic* to counsel's failure to "present any argument" in response to the State's appeal). But that admission proves fatal.

The Supreme Court has "repeatedly" held that "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court'" and so cannot justify federal habeas relief. *Glebe v. Frost*, 574 U.S. 21, 24 (2014) (quoting 28 U.S.C. § 2254(d)(1)). We may not rely on circuit precedent to "refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013). Nor may we "canvass circuit decisions to determine whether a particular rule of law is so widely accepted among the federal circuits that it would, if presented to [the Supreme] Court, be accepted as correct." *Id.* A court may only, "in accordance with its usual law-of-the-circuit procedures, look to

circuit precedent to ascertain whether it has already held that the particular point in issue is clearly established by Supreme Court precedent." *Id.* This Court has never so held. And the Florida Fifth District Court of Appeal could reasonably have concluded that *Cronic* is inapplicable.

## IV. CONCLUSION

We **AFFIRM** the denial of Mercado's habeas petition.

22-11903                  JILL PRYOR, J., Concurring                  1

JILL PRYOR, Circuit Judge, Concurring:

Louis Mercado fell through the cracks in Florida's criminal justice system. After he secured a mistrial and an order barring retrial from the state trial judge who presided over his criminal trial, the State of Florida appealed. Mr. Mercado's counsel filed no brief or other response on Mr. Mercado's behalf because counsel believed that he had withdrawn from representing Mr. Mercado. In fact, he had not. Florida's Fifth District Court of Appeal then decided the State's appeal of the trial court's order barring retrial without any input whatsoever from Mr. Mercado.

Under United States Supreme Court precedent, it is beyond dispute that Mr. Mercado's Sixth Amendment rights were violated because he was denied the assistance of counsel at a critical stage in his criminal proceedings. Although he was accused and later convicted of a terrible crime, the nature of his crime does not alter the nature of his constitutional rights, which include a right to counsel on appeal.

But our review of Mr. Mercado's post-conviction challenge is circumscribed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d). Because AEDPA requires us to defer to the state court's judgment rejecting Mr. Mercado's constitutional claim, I concur in the majority's decision. I write separately to emphasize that despite our holding necessitated by AEDPA deference, I have no doubt that Mr. Mercado's Sixth Amendment right to counsel was violated.

## I. BACKGROUND

The majority opinion thoroughly recounts the facts, so I address only those necessary to explain my position. Florida charged Mr. Mercado with three counts of capital sexual battery. The trial judge granted him a judgment of acquittal on two of the counts. To prove the remaining count, the State planned to introduce a recording and transcript of two phone calls between Mr. Mercado and a police officer. The trial judge ordered the State to redact this evidence because in the calls Mr. Mercado invoked his right to counsel and his right to remain silent, invocations that could unfairly prejudice the jury against him. Nonetheless, during its closing argument, the State played portions of the recordings that the trial judge had ordered redacted. The trial judge granted Mr. Mercado's motion for a mistrial based on the State's violation of the trial judge's order.

Mr. Mercado moved to bar retrial based on intentional prosecutorial misconduct, arguing that the State provoked a mistrial. Florida responded and moved for the trial judge's disqualification. After the trial judge granted the motion for disqualification, the replacement judge granted Mr. Mercado's motion to bar retrial.

Things then went wrong for Mr. Mercado. The State appealed. Mr. Mercado's trial counsel, Zachary Stoumbos, moved in the trial court to withdraw from the representation and have the public defender's office appointed to represent Mr. Mercado on appeal, but he neglected to file the motion in the appellate court, as Florida law required. *See* FLA. R. APP. P. 9.140(d)(1)(E). Mr.

Stoumbos thus never properly withdrew from the case, and the public defender's office was never appointed. So, although the State served its appellate brief on both Mr. Stoumbos and the public defender's office, no one filed a response to the State's appeal on Mr. Mercado's behalf.

Despite having received no response from the appellee, the Florida Fifth District Court of Appeal went ahead and decided the appeal. We know that it recognized the absence of a response because its opinion noted, "No Appearance for Appellee." *State v. Mercado*, 121 So. 3d 604, 605 (Fla. Dist. Ct. App. 2013). The appellate court reversed the trial court's retrial bar in conclusory fashion: "We conclude that the trial court's findings are not supported by the evidence." *Id.* at 606. After the opinion issued, both Mr. Stoumbos and the public defender's office moved for reconsideration of the appellate court's ruling. Neither motion addressed the merits of the appeal, however, and the appellate court denied both motions.

Mr. Mercado, after obtaining new counsel, filed a petition for habeas corpus relief in the Fifth District Court of Appeal. He argued that his lack of counsel in the State's appeal violated his Sixth Amendment rights and that the court should presume prejudice arising from the violation. The same appellate court that ruled on his appeal while he was without counsel denied post-conviction relief, again without explanation.

Mr. Mercado was then retried, convicted, and sentenced to life in prison. He appealed, but the appellate court upheld his conviction.

Mr. Mercado filed a second state habeas petition in the Fifth District Court of Appeal, realleging ineffective assistance of counsel during the State's appeal. The appellate court denied the petition, once again without explanation. He then filed a Rule 3.850 motion for postconviction relief in the trial court on the same grounds. *See* FLA. R. CRIM. P. 3.850. The trial court denied the motion, and the Fifth District Court of Appeal affirmed—without explanation for a third time.

Now representing himself, Mr. Mercado next filed a habeas petition in federal court. He argued that he was deprived of his constitutional right to counsel on appeal and that prejudice from the deprivation should be presumed. The district court denied the petition, ruling that the Florida appellate court's decision was not objectively unreasonable because the United States Supreme Court has never held that prejudice is presumed when counsel for a criminal defendant fails to file a brief in response to the government's appeal—as opposed to failing to file an appeal on the defendant's behalf. The district court ruled that Mr. Mercado had to show that he suffered prejudice from his lack of counsel during the State's appeal and concluded that he had not met this burden. The district court nonetheless granted Mr. Mercado a certificate of appealability on a single issue: whether prejudice should be presumed.

Mr. Mercado appealed to this Court. After he briefed the appeal *pro se,* we appointed counsel to represent him and permitted counsel to submit supplemental briefing.

## II. DISCUSSION

The Sixth Amendment to the Constitution ensures that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." "It bears emphasis that the right to be represented by counsel is among the most fundamental of rights." *Penson v. Ohio*, 488 U.S. 75, 84 (1988) (internal quotation marks omitted). The Supreme Court has ruled that this right is not limited to criminal trials but extends to criminal appeals. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). The right extends to appeals, in part, because our justice system is adversarial, and "[t]his system is premised on the well-tested principle that truth—as well as fairness—is best discovered by powerful statements on both sides of the question." *Penson*, 488 U.S. at 84 (internal quotation marks omitted). And it is through the right to counsel that all other rights are protected. *Id.* Denial of counsel at a critical stage of criminal proceedings violates the accused's Sixth Amendment rights. *Id.* at 88.

Defendants convicted without adequate representation of counsel at a critical stage of the proceedings against them can challenge their convictions on that basis. In two cases announced on the same day, the Supreme Court established the standard for assessing such claims. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Cronic*, 466 U.S. 648, 658–59 (1984).

In *Strickland*, the Court held that a criminal defendant raising ineffective assistance of counsel ordinarily must show both deficient representation and prejudice. 466 U.S. at 687. A defendant thus must show (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

In *Cronic*, the Court held that there are exceptions to the requirement to show prejudice. 466 U.S. at 659. In limited circumstances, courts may presume that ineffective assistance of counsel prejudiced the defendant. *Id.* These circumstances include (1) "the complete denial of counsel . . . at a critical stage;" (2) "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing;" and (3) "when[,] although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide assistance is so small that a presumption of prejudice is appropriate." *Id.* at 659–60. These are "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Id.* at 658. The Supreme Court later held that prejudice is presumed when an attorney fails to file an appellate brief on behalf of a criminal defendant on a first appeal as of right. *Penson*, 488 U.S. at 88.

In reviewing Mr. Mercado's habeas petition, we consider these legal standards through AEDPA's deferential lens. AEDPA allows a federal court to grant habeas relief to "a person in custody pursuant to the judgment of a State court" only if the state court

decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1).

A state court decision is "contrary to" clearly established law if the court "applie[d] a rule that contradicts the governing law" set forth by the Supreme Court or the state court confronted facts that were "materially indistinguishable" from Supreme Court precedent but arrived at a different result. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). To show a state court decision involved an unreasonable application of Supreme Court precedent, "a prisoner must show far more than that the state court's decision was merely wrong or even clear error." *Shinn v. Kayer*, 592 U.S. 111, 118 (2020) (internal quotation marks omitted). Instead, "[t]he prisoner must show that the state court's decision is so obviously wrong that its error lies beyond any possibility for fairminded disagreement." *Id.* (internal quotation marks omitted). This standard requires deference even in the face of errors by a state court absent "extreme malfunctions in the state criminal justice systems." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (internal quotation marks omitted).

With this background in mind, I now turn to whether we should presume that Mr. Mercado was prejudiced when no attorney submitted an appellate brief in opposition to the State's appeal. I write separately to emphasize that the answer to this question is undoubtedly yes because the Florida Fifth District Court of Appeal

decided a criminal appeal without any opposition from the defendant and while the defendant was without the assistance of counsel. At the same time, I recognize that despite this Sixth Amendment violation, the constraints of AEDPA limit our review such that Mr. Mercado is not entitled to federal habeas relief.

It is undisputed that the Florida Fifth District Court of Appeal adjudicated the merits of the State's appeal in a criminal case against a defendant without representation. Despite acknowledging in its opinion that here had been no appearance for Mr. Mercado, the Florida appellate court reached the merits of the State's appeal without an opposing brief on Mr. Mercado's behalf. This was a denial of the right to counsel in violation of the Sixth Amendment. And under *Cronic*, prejudice should have been presumed.

The Florida appellate court's adjudication of the State's appeal without an opposing brief from Mr. Mercado triggered at least one of *Cronic's* exceptions. It involved the complete denial of counsel at a critical stage of Mr. Mercado's criminal proceedings. *Cronic*, 466 U.S. at 659.

The Supreme Court made clear in *Penson* that a criminal defendant need not show prejudice when his counsel failed to file a brief on his behalf in his appeal. Although *Penson* addressed the *defendant's* appeal, its reasoning supports that prejudice should be presumed when a criminal defendant's counsel failed to file a brief on his behalf in an appeal brought by the State as well. *See* 488 U.S. at 84–89. Presuming prejudice in this procedural posture makes sense because "[t]he paramount importance of vigorous

22-11903              JILL PRYOR, J., Concurring                9

representation follows from the nature of our adversarial system of justice." *Id.* at 84. A criminal appeal brought by the state remains an adversarial proceeding that "require[s] careful advocacy to ensure . . . that substantial legal and factual arguments are not inadvertently passed over." *Id.* at 85. Absent representation for the defendant, the system does not "adequately . . . test the government's case." *Id.* at 84.

In *Penson*, the Supreme Court observed that "[a] number of the Federal Courts of Appeals have reached a like conclusion when faced with similar denials of appellate counsel." *Id.* at 89 n.10. The Court cited first *United States ex rel. Thomas v. O'Leary*, in which the Seventh Circuit concluded that it could presume prejudice under *Cronic* when a criminal defendant's counsel failed to file a brief in response to the government's appeal. 856 F.2d 1011, 1016–17 (7th Cir. 1988). The Court's citation to *Thomas* as one of the Courts of Appeals reaching "a like conclusion" regarding the presumption of prejudice when criminal defense counsel files no brief on appeal indicates that the Court saw no distinction when the appeal was filed by the government.

Here, after the trial court granted a mistrial, not one but two trial court judges found that the State provoked the mistrial by intentionally attempting to admit evidence that the trial judge had ruled inadmissible, and thus the State could not retry Mr. Mercado. The State appealed. On appeal, it argued that the record did not support a finding of prosecutorial misconduct intended to provoke a mistrial. The stakes were extremely high for Mr. Mercado. If the

State won the appeal, he would be retried; if it lost, he would not be.

In the State's appeal, there was no adversarial testing of its argument at this critical stage that determined whether Mr. Mercado would be retried. The fact that there was "No Appearance for Appellee" in the appeal should have given the Florida appellate court pause—yet it proceeded to the merits anyway. *Mercado*, 121 So. 3d at 605. By considering the State's appeal without any response from Mr. Mercado, the Florida Fifth District Court of Appeal allowed the State to point to and put its own gloss on any contradictory evidence, without any opposition from the defense to argue against its position and direct the court toward the evidence that led two trial court judges to conclude that the State intentionally provoked a mistrial by violating the trial court's redaction ruling. The appellate court thus "deprived both [Mr. Mercado] and itself of the benefit of an adversary examination and presentation of the issues." *Penson*, 488 U.S. at 85.

I disagree with the majority that Mr. Mercado was never entirely without counsel on appeal. Admittedly, counsel attempted to intervene *after* the Court of Appeal ruled against him. Mr. Mercado's trial counsel filed a motion for rehearing, and the public defender's office filed a motion to recall the mandate. These motions failed to remedy the problem. Importantly, neither motion addressed the merits of the State's appeal. And motions like these—designed to get a court to reconsider a ruling—are subject to stricter standards that make it more difficult to succeed on them

than it would have been before the appellate court decided the appeal. *See, e.g., Dabbs v. State*, 230 So. 3d 475, 476 (Fla. Dist. Ct. App. 2017) ("A motion for rehearing is strictly limited to calling the Court's attention—without argument—to something obviously overlooked or misapprehended and is not a vehicle for counsel or the party to continue its attempts at advocacy." (alteration adopted) (internal quotation marks omitted)); *Vega v. McDonough*, 956 So. 2d 1205, 1206 (Fla. Dist. Ct. App. 2007) ("Appellate courts will not reconsider a previous ruling and recall the mandate unless it is necessary to correct a manifest injustice."). With no voice to counter the State's arguments before the Court of Appeal ruled, Mr. Mercado was "entirely without the assistance of counsel on appeal." *Penson*, 488 U.S. at 88. In the face of such complete denial of counsel, we ordinarily presume prejudice under *Cronic*. *Id.*

I view the contrast between this case and *Penson* as a difference of degree, not kind. The Supreme Court concluded in *Penson* that allowing a criminal appeal to proceed without the proper testing of the adversarial system violates the right to counsel so egregiously that courts can presume prejudice. *Id.* at 85. The fact that a criminal defendant may be more prejudiced by lack of representation in his own appeal does not mean that there is no prejudice when he is unrepresented against the government's appeal of a trial court ruling in his favor. That the Supreme Court has not considered a case in the latter posture does nothing to change the applicability of this standard. We know that the Supreme Court contemplated Mr. Mercado's predicament in *Penson* because it cited as persuasive authority a case in which the state initiated the appeal and

12                    JILL PRYOR, J., Concurring                    22-11903

the defendant's counsel failed to respond. *Id*. at 89 n.10 (citing *Thomas*, 856 F.3d at 1016–17). To conclude otherwise is to erode the right to counsel at critical stages of criminal proceedings.

I must concur in the majority opinion because under AEDPA's deferential standard, the state court's decision was not objectively unreasonable. I reach this conclusion because the United States Supreme Court has not considered a case in which a criminal defendant was without counsel on the government's appeal. Although I believe that the Supreme Court's reasoning in *Penson* indicates that prejudice should be presumed in this circumstance as well, the Court's holding addressed a criminal defendant's right to counsel when the defendant brings the appeal. And so even though I disagree with the state court that *Penson* does not require prejudice to be presumed in Mr. Mercado's case, I cannot say that it was unreasonable for the state to reach the contrary conclusion. Because the Florida Fifth District Court of Appeal's decision was not "so obviously wrong that its error lies beyond any possibility for fairminded disagreement," *Shinn*, 592 U.S. at 118 (internal quotation marks omitted), we afford its decision deference, and relief must be denied.

## III. CONCLUSION

"The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel." *Gideon v. Wainwright*, 372 U.S. 335, 344–45 (1963) (internal quotation marks omitted). "Even the intelligent and educated layman . . . lacks both the skill and knowledge adequately to prepare his

22-11903                JILL PRYOR, J., Concurring                13

defense, even though he have a perfect one." *Id.* at 345 (internal quotation marks omitted). "He requires the guiding hand of counsel at every step in the proceedings against him." *Id.* (internal quotation marks omitted). Courts must be ever vigilant to safeguard the Sixth Amendment right to counsel for the accused, upon which the fairness of our adversarial system of justice depends. This is why, when there has been a complete denial of counsel at a critical stage of criminal proceedings, we presume prejudice—and our inclination to believe that the presence of counsel at that stage would have made no difference has no place.

Because AEDPA constrains our review in this case, I concur.