# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-2751
LT Case No. 2020-CF-047394-A

_____

JACKALYNN ELIZABETH D'AURIA,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Brevard County.
Charles G. Crawford, Judge.

Matthew J. Metz, Public Defender, and Ali L. Hansen, Assistant
Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Pamela J.
Koller, Assistant Attorney General, Daytona Beach, for Appellee.


December 27, 2024


HARRIS, J.

Appellant, Jackalynn Elizabeth D'Auria, appeals her
judgment and sentence entered after a jury found her guilty of
manslaughter with a weapon. She argues the trial court erred in
denying her motion to dismiss because double jeopardy barred
reprosecution of her case where a mistrial without prejudice was

improperly declared over her objection. Concluding that the court did not err in denying Appellant's motion to dismiss, we affirm.

On November 17, 2020, the State charged Appellant with second-degree murder for allegedly stabbing and killing Amanda Ervin, Appellant's mother, with a knife. A jury trial occurred over three days in March 2023. During the trial, Appellant raised the State's alleged violations of *Brady*[1] and *Giglio*[2] for failing to disclose exculpatory evidence in the form of prior violence by the deceased, failing to disclose prior convictions of its key witness, Perry Lopreato, and allowing Lopreato to commit perjury at trial regarding his convictions. The parties also engaged in a *Richardson*[3] hearing following which Appellant argued that a mistrial *with* prejudice was warranted. The State responded that any error was inadvertent, and that it could be cured by recalling Lopreato and having him testify to his three felony convictions. Alternatively, the State argued for a mistrial *without* prejudice. Appellant's counsel responded that impeachment of Lopreato would no longer be effective.

On the alleged *Brady* violation, the court found the State did not suppress favorable evidence, and as to *Giglio*, the court found that the State did not know the testimony was false when it was requested. However, regarding the *Richardson* inquiry, while the court found the violation was inadvertent, it further found that it was substantial, and the violation substantially affected Appellant's due process rights and her ability to properly prepare for trial. The court declared a mistrial without prejudice, rather than with prejudice.

Prior to the retrial, Appellant moved to dismiss the charge based on prosecutorial misconduct and double jeopardy. Pertinent to this appeal, she argued that the court erred by declaring a mistrial without prejudice, despite the only motion before the court

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] *Giglio v. United States*, 405 U.S. 150 (1972).

[3] *Richardson v. State*, 246 So. 2d 771, 775 (Fla. 1971).

2

being a motion for mistrial *with* prejudice. Thus, she argued, the court failed to consider and reject all possible alternatives before declaring the mistrial in violation of *Thomason v. State*, 620 So. 2d 1234 (Fla. 1993). Therefore, Appellant argued, jeopardy attached and she could not be tried again for the second-degree murder of her mother. The court denied Appellant's motion to dismiss, finding the mistrial without prejudice was proper and that jeopardy did not attach.

A second trial occurred June 26–29 and July 5–7, 2023. The jury ultimately found Appellant guilty of the lesser included offense of manslaughter with a weapon. The court adjudicated Appellant guilty and sentenced her to 30 years in the Department of Corrections, with 1,028 days as credit for time served.

In this appeal, Appellant argues the trial court erred in denying her motion to dismiss and finding that double jeopardy did not bar reprosecution for the same charge after the first trial judge declared a mistrial without prejudice over her objection without considering alternative remedies for the State's *Richardson* violation. She argues that pursuant to *Thomason*, the court was required to consider and reject all possible alternatives before declaring a mistrial over her objection, and by failing to do so, the court did not meet the requirement of manifest necessity and double jeopardy barred retrial. She maintains that her motion for mistrial with prejudice did not constitute a consent to waiver of double jeopardy or due process, and it was not a blanket request for mistrial under any circumstances, but instead a specific request for a type of mistrial that would prohibit subsequent prosecution. Accordingly, she argues, because the first court erred in declaring a mistrial without prejudice over her objection to that remedy and without considering alternatives, the mistrial was declared without her consent or in the absence of manifest necessity. Thus, double jeopardy precluded a retrial, and the second court abused its discretion in denying her motion to dismiss on that basis.

"The protection of an accused against being twice put in jeopardy for the same offense is a right guaranteed by both the Fifth Amendment to the United States Constitution and article I, section 9 of the Florida Constitution." *Thomason*, 620 So. 2d at

3

1236. In a criminal proceeding, jeopardy attaches when a jury is impaneled and sworn. *See id.* However, "when the defendant requests declaration of a mistrial, double jeopardy usually is not a bar to reprosecution." *Id.* at 1237. "Generally, when a trial court declares a mistrial on the defendant's motion or with his consent, or upon a manifest necessity, double jeopardy does not bar a retrial." *State v. Mercado*, 121 So. 3d 604, 605 (Fla. 5th DCA 2013). "A narrow exception exists when the prosecution's misconduct was intended to provoke the defendant into moving for a mistrial." *Id.* at 605–06 (citing *Oregon v. Kennedy*, 456 U.S. 667, 679 (1982)). Accordingly, "absent improper governmental action intended to provoke the defendant's mistrial request and subject the defendant to the substantial burden imposed by multiple prosecutions, the defendant waives his or her constitutional double jeopardy rights where the defendant moves for a mistrial, consents to one, or by his or her conduct causes one." *State v. Gaines*, 770 So. 2d 1221, 1228 (Fla. 2000). A defendant's mere failure to object to a declaration of mistrial, however, "is not tantamount to consent." *Merchant v. State*, 201 So. 3d 146, 152 (Fla. 3d DCA 2016).

Even where a mistrial is declared over the defendant's objection, however, double jeopardy does not guarantee that a defendant cannot be retried. *See Thomason*, 620 So. 2d at 1237. "[A]bsent circumstances thwarting the State's one full and fair opportunity to present its case, the right of a defendant to completion of his or her trial by a particular tribunal should control." *Id.* The United States Supreme Court has explained:

> The distinction between mistrials declared by the court *sua sponte* and mistrials granted at the defendant's request or with his consent is wholly consistent with the protections of the Double Jeopardy Clause. Even when judicial or prosecutorial error prejudices a defendant's prospects of securing an acquittal, he may nonetheless desire "to go to the first jury and, perhaps, end the dispute then and there with an acquittal."

*United States v. Dinitz*, 424 U.S. 600, 608 (1976) (quoting *United States v. Jorn*, 400 U.S. 470, 484 (1971)). "When a defendant

objects to the declaration of mistrial, 'the burden is on the State to show that there was a manifest necessity for the trial court's determination; otherwise, double jeopardy attaches.'" *Hicks v. State*, 327 So. 3d 971, 974–75 (Fla. 1st DCA 2021) (quoting *Lebron v. State*, 799 So. 2d 997, 1010 (Fla. 2001)). Absent a defendant's consent to a mistrial, "[m]anifest necessity requires trial judges to explore alternatives" before *sua sponte* declaring a mistrial. *State v. Jones*, 321 So. 3d 354, 360 (Fla. 3d DCA 2021). Alternative remedies may include ordering a party to comply with discovery, granting a continuance, prohibiting a party from calling a nondisclosed witness, or entering such order as the court deems just under the circumstances. *See Hicks*, 327 So. 3d at 975.

Here, the trial court found a discovery violation, that it was inadvertent, that it was substantial, and, with respect to its effect on Appellant's ability to properly prepare for trial, it "substantially" affected Appellant's due process rights. *See, e.g.*, *Andres v. State*, 254 So. 3d 283, 293 (Fla. 2018) (providing that during *Richardson* hearing, court must inquire as to whether violation (1) was willful or inadvertent; (2) was substantial or trivial; and (3) had a prejudicial effect on aggrieved party's trial preparation). Throughout the *Richardson* hearing, Appellant maintained that she was seeking a mistrial with prejudice. Appellant's primary argument on appeal is that she did not consent to a mistrial *without* prejudice, and even objected to that type of mistrial. She argues the court was therefore required to consider alternatives before declaring a mistrial without prejudice, which it failed to do, since she did not consent to that type of mistrial.

We find no support for Appellant's argument that would impose a legal distinction between a request for mistrial *with* prejudice and a mistrial *without* prejudice, or that requesting a mistrial with prejudice constitutes an objection to a mistrial without prejudice or affects the application of double jeopardy. The record also indicates Appellant was not interested in other remedies. The State argued that the violation did not rise to the level of a mistrial and that a cure to the violation could be to recall the witness and have him testify to his prior convictions, wherein he would be subject to cross-examination by the defense.

It is clear from the record that Appellant did not want the witness to be recalled to testify to his prior convictions, since the impeachment would not be effective, and therefore argued against that alternative. Based on Appellant's refusal to accept the State's alternative remedy, we conclude that Appellant voluntarily requested the mistrial, or "by . . . her conduct cause[d] one." *Mercado*, 121 So. 3d at 606; *cf. Parce v. Byrd*, 533 So. 2d 812 (Fla. 5th DCA 1988) (holding defendant's consent to mistrial was not implied where defense had "indicated a willingness to proceed with the trial if sanctions were denied").

Additionally, the court apparently rejected the alternative remedy of recalling the witness when it specifically found that the violation was substantial and violated Appellant's due process rights, leaving the remedy of a mistrial. *See, e.g.*, *Ward v. State*, 267 So. 3d 573, 575 (Fla. 5th DCA 2019) (explaining "prejudice" in context of determining *Richardson* violation means "procedural prejudice materially affecting the opposing parties' preparation for trial"); *Knight v. State*, 76 So. 3d 879, 885 (Fla. 2011) (noting mistrial should be granted where it is necessary to ensure defendant receives fair trial); *McDuffie v. State*, 970 So. 2d 312, 322 (Fla. 2007) (indicating declaration of mistrial should be employed or considered before the extreme sanction of excluding evidence). Therefore, even assuming Appellant did not consent to a mistrial, the court, after discussing potential remedies with the parties, evidently considered alternatives before finding that a mistrial was the appropriate remedy. *Cf. Merchant*, 201 So. 3d at 146 (holding that, where trial court *sua sponte* declared a mistrial after brief discussion with counsel about the fact that two of the jurors had failed to reveal they were related, double jeopardy barred retrial where trial court failed to consider any alternatives and defense counsel's lack of objection did not constitute consent to a mistrial).

We find no error in the court's declaration of a mistrial *without* prejudice rather than *with* prejudice as an appropriate remedy. The court found that the violation was inadvertent, and there is no indication in the record that prosecutorial misconduct intended to provoke a mistrial, especially in light of the State's suggestion to recall the witness as a cure to the violation. *See Rutherford v. State*, 545 So. 2d 853, 855 (Fla. 1989) (finding that

6

although "prosecutor misapprehended his objection," there was no indication that his motive was to obtain a mistrial or to "goad" defendant into seeking one; rather, the motive was to introduce evidence that tended to convict the defendant, not to create error that would force a new trial).

Accordingly, because double jeopardy did not bar reprosecution of the charged offense, the trial court did not err in denying Appellant's motion to dismiss on double jeopardy grounds. We affirm.


AFFIRMED.


EDWARDS, C.J., and WALLIS, J., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————