DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEWAYNE B. CURRY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-0805

[May 21, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; N. Hunter Davis, Judge; L.T. Case No. 21007975CF10A.

Daniel Eisinger, Public Defender, and Sue-Ellen Kenny, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Anesha Worthy, Senior Assistant Attorney General, West Palm Beach, for appellee.

SURBER, MELANIE DALE, Associate Judge.

Dewayne Curry appeals from his conviction following a bench trial. The trial court found Curry guilty of possession of a firearm by a convicted felon and two counts of aggravated assault with a firearm. Curry contends the trial court erred in sua sponte declaring a mistrial, failing to appoint conflict-free counsel after the mistrial was granted, and not ensuring that he had "voluntarily, knowingly, and intelligently" waived his right to a jury trial. We reject all arguments raised on appeal, but write to address the defendant's argument regarding the mistrial.

The state filed a three-count information charging Curry with possession of a firearm by a convicted felon and two counts of aggravated assault against each of the two alleged victims. The trial on those charges commenced as a jury trial.

During the trial, the state discovered and disclosed to defense counsel a video showing Curry at the scene holding the firearm. Prior to this disclosure, the state had represented that it had no additional videos. Defense counsel argued that the video should be excluded from the trial.

While the state acknowledged the need for a *Richardson* hearing,[1] the state disagreed with the motion to exclude the video. Curry expressed a desire for counsel to make an ore tenus motion for mistrial, but counsel advised the trial court that he was uncomfortable making such a motion. The trial court then informed Curry that it would refrain from ruling immediately, and scheduled the *Richardson* hearing to occur later.

During the *Richardson* hearing, defense counsel argued that had he received the video in advance, he might have pursued a Stand Your Ground motion, and he would not have made opening statements to the jury that, "you're going to see who the real culprit is. You're going to see … a black Audi, with someone else getting in it." Defense counsel maintained that Curry was entitled to have the video excluded *and* to a mistrial charged to the state, asserting that the blame lay not with the current prosecutor but with the previous prosecutors.

The current prosecutor argued that the state had neither willfully nor intentionally withheld the evidence; rather, the failure to disclose the evidence was inadvertent, because the video had only recently been discovered. The state also posited that defense counsel had repeatedly requested missing video footage because the video footage provided did not match the police report, thus suggesting the defense was implicitly aware of the missing footage's existence.

When questioned by the trial court, Curry stated he preferred to proceed with the jury because he "had a good feeling about the tribunal that was … deciding the case." However, defense counsel argued that, "even with the video being excluded, … [a] manifest injustice … handcuffing" his strategy had occurred, and no measures short of a mistrial could cure the prejudice. Defense counsel agreed with the trial court that a manifest necessity existed to declare a mistrial, referencing *Hicks v. State*, 327 So. 3d 971 (Fla. 1st DCA 2021).

The trial court ruled that while the state's discovery violation was inadvertent, the violation was substantial and prejudicial, and subsequently excluded the video from evidence. The trial court considered alternatives to a mistrial, such as a continuance, allowing a new opening statement from defense counsel, and excluding the video. After careful consideration of these options, and confirming that no lesser measures were available, the trial court granted a mistrial, deeming it a rare instance of manifest necessity. A written order followed.

---

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

Defense counsel then filed a motion to dismiss, claiming that a new trial would violate double jeopardy because no manifest necessity had existed for the mistrial. Defense counsel argued the trial court had not adequately considered all available alternatives, including appointing new counsel or granting a continuance for new counsel to proceed with the jury trial. After a hearing, the trial court denied the motion to dismiss.

Defense counsel later informed the trial court that Curry wished to proceed with a bench trial. Curry was given adequate time to consult with counsel, and the state waived its right to a jury trial. The trial court conducted a thorough colloquy with Curry before scheduling the bench trial.

At the bench trial's conclusion, the trial court found Curry guilty as charged on all three counts. The trial court adjudicated Curry guilty and sentenced him to 84 months in prison, followed by 60 months' probation.

This Court reviews the trial court's order granting a mistrial for an abuse of discretion. *Loyd v. State*, 379 So. 3d 1080, 1091 (Fla. 2023). "Double jeopardy issues involve purely legal determinations and are reviewed de novo." *Palmer v. State*, 254 So. 3d 426, 427 (Fla. 4th DCA 2018).

Protecting an accused against being twice put in jeopardy for the same offense is a right guaranteed by the Fifth Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution. *Thomason v. State*, 620 So. 2d 1234, 1236 (Fla. 1993). In a criminal proceeding, jeopardy attaches when a jury is impaneled and sworn. *Id.* However, "when the defendant requests declaration of a mistrial, double jeopardy usually is not a bar to reprosecution." *Id.* at 1237. "Generally, when a trial court declares a mistrial on the defendant's motion or with his consent, or upon a manifest necessity, double jeopardy does not bar a retrial." *State v. Mercado*, 121 So. 3d 604, 605 (Fla. 5th DCA 2013). "A narrow exception exists when the prosecution's misconduct was intended to provoke the defendant into moving for a mistrial." *Id.* at 605–06 (citing *Oregon v. Kennedy*, 456 U.S. 667, 679, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982)). Accordingly, "absent improper governmental action intended to provoke the defendant's mistrial request and subject the defendant to the substantial burden imposed by multiple prosecutions, the defendant waives his or her constitutional double jeopardy rights where the defendant moves for a mistrial, consents to one, or by his or her conduct causes one." *State v. Gaines*, 770 So. 2d 1221, 1228 (Fla. 2000).

"When a defendant objects to the declaration of mistrial, 'the burden is on the State to show … a manifest necessity for the trial court's determination; otherwise, double jeopardy attaches.'" *Hicks*, 327 So. 3d at 974–75 (quoting *Lebron v. State*, 799 So. 2d 997, 1010 (Fla. 2001)). Absent a defendant's consent to a mistrial, "[m]anifest necessity requires trial judges to explore alternatives" before sua sponte declaring a mistrial. *State v. Jones*, 321 So. 3d 354, 360 (Fla. 3d DCA 2021). Alternative remedies may include ordering a party to comply with discovery, granting a continuance, prohibiting a party from calling a nondisclosed witness, or entering such other order as the court deems just under the circumstances. *See Hicks*, 327 So. 3d at 975.

A trial court has discretion as to how to remedy a discovery violation. *Johnson v. State*, 25 So. 3d 662, 665 (Fla. 1st DCA 2010). Remedies include ordering the party to comply with discovery, granting a continuance, granting a mistrial, prohibiting the party from calling the nondisclosed witness, or enter such other order as it deems just under the circumstances. Fla. R. Crim. P. 3.220(n)(1). But "the exclusion of evidence for a discovery violation 'should only be imposed when there is no other adequate remedy,'" including declaration of a mistrial. *Lowe v. State*, 259 So. 3d 23, 46 (Fla. 2018) (citing *McDuffie v. State*, 970 So. 2d 312, 321 (Fla. 2007)).

Here, the trial court properly granted a mistrial at defense counsel's request based upon a finding of manifest necessity. Defense counsel requested a mistrial be charged to the state, and agreed with the trial court that a mistrial would be based upon a manifest necessity. The double jeopardy argument was raised to no avail in our sister court in *D'Auria v. State*, 398 So. 3d 1139 (Fla. 5th DCA 2024). There, the Fifth District found no support for any legal distinction between a request for a mistrial *with* prejudice and a request for a mistrial *without* prejudice. *Id.* at 1143. Nor did the court find any legal basis for the argument "that requesting a mistrial with prejudice constitutes an objection to a mistrial without prejudice or affects the application of double jeopardy." *Id.*

Here, we find no error in the trial court's declaration of a mistrial. Defense counsel did not object to the mistrial. On the contrary, defense counsel requested a mistrial be charged to the state, and then later agreed a manifest necessity existed. No evidence existed that the state had committed misconduct which provoked the defense into requesting a mistrial. Thus, because the defense requested the mistrial, double jeopardy did not attach.

4

Accordingly, because double jeopardy did not bar reprosecution of the charged offenses, the trial court did not err in denying Curry's motion to dismiss on double jeopardy grounds.  We affirm.

*Affirmed.*

GROSS and CIKLIN, JJ., concur.

*　　*　　*

**Not final until disposition of timely filed motion for rehearing.**